PETER R. ELLIS and ROSALIND O. ELLIS, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Ellis v. Commissioner
Docket No. 8368-79.
United States Tax Court
T.C. Memo 1981-45; 1981 Tax Ct. Memo LEXIS 698; 41 T.C.M. (CCH) 813; T.C.M. (RIA) 81045; February 4, 1981. Peter R. Ellis, pro se. Thomas N. Tomashek, for the respondent. TIETJENS
MEMORANDUM OPINION TIETJENS, Judge: Respondent determined a deficiency of $ 683 in petitioners' Federal income tax for 1976. The only issue for our decision is whether petitioners, who used their boat less than 50 percent of the time for business purposes, are entitled to a deduction for depreciation and operating expenses attributable to the business use of their boat. This case was fully stipulated pursuant to Rule 122, Tax Court Rules of Practice and Procedure. The stipulation and attached exhibits are incorporated herein by this reference. At the time they filed their petition, petitioners resided *699 in Ketchikan, Alaska. On June 20, 1977, petitioners filed a joint Federal income tax return for 1976 with the Ogden Service Center, Ogden, Utah. During 1976, petitioner Peter R. Ellis practiced law in Ketchikan, Alaska. In the same year, petitioners purchased a boat, "The Sunshine," which they used for both business and pleasure. If such day that petitioners used the boat in 1976 is classified according to the predominant purpose of its use on a particular day, there were 46 days of personal use and 25 days of business use, representing 64.8 percent personal use and 35.2 percent business use. Based upon engine hours during 1976, petitioners used the boat 23.1 percent for business purposes; based upon hours aboard, in 1976, they used the boat 32.9 percent for business purposes. Petitioners, who did not submit a brief, argue in their petition that while they did not establish that the primary use of their boat was for business purposes, they have established, by adequate records, that they are entitled to a deduction of that percentage of boat expenses attributable to business use. Respondent, by contrast, contends that petitioners' boat is a facility under section 274(a)(1) *700 [1] and because it was used less than 50 percent for business purposes, expenses relating to the boat, under section 274(a)(1) are nondeductible. Section 274(a)(1) provides: SEC. 274(a). Entertainment, Amusement, or Recreation.-- (1) In general.--No deduction otherwise allowable under this chapter shall be allowed for any item-- (A) Activity.--With respect to an activity which is of a type generally considered to constitute entertainment, amusement, or recreation, unless the taxpayer establishes that the item was directly related to, or, in the case of an item directly preceding or following a substantial and bona fide business discussion (including business meetings at a convention or otherwise), that such item was associated with, the active conduct of the taxpayer's trade or business, or (B) Facility.--With respect to a facility used in connection with an activity referred to in subparagraph (A), unless the taxpayer establishes that the facility was used primarily for the furtherance of the taxpayer's trade or business and *701 that the item was directly related to the active conduct of such trade or business, and such deduction shall in no event exceed the portion of such item directly related to, or, in the case of an item described in subparagraph (A) directly preceding or following a substantial and bona fide business discussion (including business meetings at a convention or otherwise), the portion of such item associated with, the active conduct of the taxpayer's trade or business. In determining primary use, section 1.274-2(e)(4), Income Tax Regs., provides for the application of a "facts and circumstances" test; however, the regulation states that a taxpayer will be deemed to have established that a yacht or other pleasure boat "was used primarily for the furtherance of the taxpayerhs trade or business" if he establishes that more than 50 percent of the total calendar days of use of the facility were days of business use. Sec. 1.274-2(e)(4)(iii), Income Tax Regs.
From petitioners' own admission and from a simple application of the law to the stipulated facts of this case, we find that it is clear that petitioners' boat was not used primarily for business purposes in 1976. Accordingly, they *702 are not entitled to deduct any operating expenses or depreciation in connection with their boat. Decision will be entered for the respondent. Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, as amended and in effect for the year in issue, unless otherwise stated.↩